# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-156V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOSEPH T. RENFROE, | |
| | Special Master Corcoran |
| Petitioner, | Filed: April 5, 2017 |
| v. | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Susan M. Cremer,* Law Offices of Michael Lawson Neff, PC, Atlanta, GA, for Petitioner.

*Darryl Wishard*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On February 2, 2016, Joseph Renfroe filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from Guillain-Barre Syndrome as a result of his May 7, 2014, receipt of the tetanus-diphtheria-acellular pertussis vaccine. The parties eventually filed a stipulation for damages on October 12, 2016 (ECF No. 20), which I adopted by decision, dated October 13, 2016. ECF No. 22.

---

[1] This decision will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated March 30, 2017. *See* ECF No. 28. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $22,578.66 (representing $19,784.50 in attorney's fees, plus $2,794.16 in costs). *Id.* Respondent filed a response on April 4, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 29 at 2. In accordance with General Order #9, Petitioner affirmed that he incurred no out-of-pocket costs.

I approve the requested amount for attorney's fees and costs as reasonable.[3] Accordingly, an award of $22,578.66 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Susan Cremer, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Petitioner's fees application relies upon a proposed hourly rate of $350 for Petitioner's counsel, Susan Cremer, Esq., who practices law in Atlanta, Georgia. Petitioner purports that counsel should be paid rate amounts near the in-forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); ECF No. 20 at 3. Because Respondent does not maintain any specific objections to the amount of fees and costs sought by Petitioner, and because I find that the total sum requested is reasonable under the circumstances I do not reach the question of whether Ms. Cremer is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008), and this decision therefore does not constitute such a determination.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.